NEIVES CASTRO ROJAS, Plaintiff-Appellant

v.

LUIS J. MONTINOLA, Defendant-Appellee

Civil No. 123-A

District Court of Guam

Appellate Division

September 29, 1977

Before DUENAS and THOMPSON, *District Judges*, and BURNETT, *Designated Judge*

PER CURIAM

## OPINION

Appellant contends that the Superior Court of Guam erred in granting a motion for summary judgment in favor of the defendant-appellee who had leased land from the grantees of an allegedly void (but validly recorded) deed. According to the appellant, an irregularity in the deed should have placed the defendant on notice that he was leasing land from two individuals who did not have valid title. The Court finds that the defendant had every right to rely on the deed in question which was duly recorded at the Department of Land Management. The irregularity that appellant complains of did not void the deed in any way and there was no way that the defendant could have been aware of any arguable defect in title when he leased the land.

The Superior Court Judge correctly relied on *Wells v. Lizama, et al.*, 396 F.2d 877 (1968), in granting summary judgment. At page 883, *Wells* holds that "the essential purpose of the Guam Land Title Registration Act [is] to allow confident reliance upon record title under the Act". Appellant seeks to distinguish *Wells* on the ground that here on appeal any constructive notice as to a supposed irregularity in title would have come from the instrument itself rather than from the fact of another's possession of the land. (Appellant's Brief, page 3.) However, the court does not understand how under this argument the essential purpose of the Act (to allow reliance upon record title) would be any different.

Furthermore, the supposed irregularity in the deed did not void title to the leased land. Appellant argues that since the granting clause did not name Enrique and Jose (the two lessors of the land to the defendant) but rather named "their heirs and assigns", the lessor never took title and never had power to lease this land to the defendant. As

456

appellee correctly points out, it is not fatal to title if the grantee is not named in the granting clause as long as he is mentioned elsewhere and it seems certain that he was intended to be the grantee:

> For an instrument purporting to be a deed to be effective as such, it must in some manner designate an existing person who is capable of taking title to the property. However, *the grantee need not be named in the granting clause.* If his name appears anywhere in the instrument with sufficient certainty to show that he is intended as grantee, the instrument is sufficient as a deed so far as the designation of a grantee is concerned. (Emphasis added.) 15 Cal. Jur.2d, Deeds, Sec. 54, pp. 453–454.

A quick perusal of the Deed of Gift makes it clear that Mrs. Rojas intended her sons Enrique and Jose as grantees. Their names are mentioned prominently at the beginning of the deed where it is stated that Mrs. Rojas is making the grant in consideration of the love and affection felt for her sons. Furthermore, the names of the sons are mentioned in the last paragraph where there can be little question that she intended them as grantees:

> To have and to hold, all and singular, the said premises, together with the appurtenances, unto the said Enrique Castro Rojas and Jose Castro Rojas, their heirs and assigns forever.

Appellant offers no citation to support his argument that the deed was void. He states that Mrs. Rojas "was induced by her sons" to execute the Deed of Gift, perhaps suggesting undue influence. However, the only issue presented on appeal was the question whether the defendant-appellee had a right to rely on the duly recorded deed. We find that there was a valid, recorded deed and that the Superior Court's order granting summary judgment was correct. Affirmed.